NO. 07-07-0041-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 12, 2007


______________________________



JOSEPH MARTINDALE, 


 Appellant


v.



THE STATE OF TEXAS, 


 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2005-495,474; HON. DRUE FARMER, PRESIDING


_______________________________



 Memorandum Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ. 

 Joseph Martindale (appellant) appeals his conviction for possessing marijuana. Via
his sole issue, appellant contends the trial court erred by denying his motion to suppress. 
We affirm.

Background
 

 The stop in question occurred around 2 a.m., when a local night club ceased its
evenings operations. A number of police officers and other law enforcement personnel
were in the area to direct traffic away from the establishment. The latter was a well-known
site of violence at closing time. To minimize any potential for violence, the officers decided
to direct the patrons from the parking lot down a particular street away from the area. They
also prevented them from returning by partially blocking other streets leading back to the
bar with their squad cars. 

 During this ordeal, one of the officers encountered an individual with a firearm. 
While that person was being arrested, a vehicle approached the curbside location where
the officer and detainee stood. Inside the vehicle sat appellant in the front passenger's
seat smoking a "blunt", i.e. a cigar containing marijuana. The officer making the
aforementioned arrest smelled the odor of marijuana, looked for its source, and saw
appellant with the blunt. Upon discovering that he had been seen, appellant placed the
blunt on the floorboard of the car. At that point, the officer opened the car door to remove
appellant. As he did, the driver picked up the blunt and threw it out the window. Soon
thereafter, appellant attempted to flee the area on foot.

 According to appellant, his seizure was the result of an unlawful roadblock. Thus,
he moved to suppress the fruit garnered from the stop. The trial court denied the motion.

 A roadblock becomes constitutionally relevant when the attendant restrictions on
liberty give rise to a seizure. State v. Skiles, 938 S.W.2d 447, 452 (Tex. Crim. App. 1997). 
Here, the evidence appears of record indicating that the officers were at the scene not to
stop those attempting to leave but rather to direct traffic, facilitate a safe departure from
the scene, and question those who would not leave. While means of ingress to the
nightclub may have been blocked, a means of egress remained opened. Moreover,
testimony revealed that the delay in leaving arose not because effort was made to stop bar
patrons but because of the congestion arising from numerous patrons attempting to leave
at the same time. Given this ability of the patrons to drive from the scene without being
subjected to detention, questioning, or forced identification by the police while they did so,
the trial court had a factual basis upon which it could have reasonably concluded that any
restrictions on liberty encountered by the bar patrons were not tantamount to a seizure. 

 Accordingly, we affirm the judgment of the trial court.

 

 Per Curiam


Do not publish.



0;                                                     Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412,546; HON. JIM BOB DARNELL, PRESIDING
_______________________________

                                                       Memorandum Opinion
                                         _______________________________

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.



          Brandon Lewis appeals from his conviction of four counts of aggravated sexual
assault. He entered open pleas of guilty and, after a trial on punishment, was sentenced
to ten years confinement on each count. 
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he concluded
that appellant’s appeal is without merit. Along with his brief, he has filed a copy of a letter
sent to appellant informing him of counsel’s belief that there was no reversible error and
of appellant’s right to file a response pro se. By letter dated June 27, 2008, this court also
notified appellant of his right to file his own response by July 28, 2008, if he wished to do
so. To date, no response or request for extension of time to file a response has been
received. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
several potential areas for appeal including jurisdictional defects, the voluntariness of
appellant’s plea, the evidence to support the guilty pleas, and error with respect to
punishment. Upon his final analysis, counsel determined that no reversible error existed.


 
Thereafter, we conducted our own review of the record to assess the accuracy of appellate
counsel’s conclusions and to uncover any error, reversible or otherwise, pursuant to
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991) and concluded the same. 
          Accordingly, the motion to withdraw is granted and the judgments are affirmed.


 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Do not publish.